RAUL DE LUNA, SR. V. THE STATE.

No. 21589. Delivered May 21, 1941.

The opinion states the case.

*H. B. Galbraith,* of Brownsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted by a jury of the offense of child desertion and assessed a penalty of $500.00, from which he appeals.

It is presented that the evidence is insufficient to support the conviction, and this contention would be rather a serious one if the appellant himself had not given his version of the matters in controversy and his statement with his reasons for his actions, which, in our view, removes all doubt about the sufficiency of the evidence.

For some years prior to their marriage, appellant and his wife had maintained the relationship of sweethearts with im-

proper conduct, according to her testimony, which is undenied by appellant. Eventually he went to a camp in Mexico as an enrollee in the Civilian Conservation Corps where he served four enlistments of approximately three years. Upon his return he began his association with his wife and, three months thereafter, married her. About five months after their marriage a son was born to them while she was residing with him in the home of his parents where it appears she was properly and respectfully cared for, together with her child. It was born on December 4, 1940. In January thereafter he enlisted in the army and for a time was stationed at Fort Brown. Subsequently he was transferred to Fort Bliss and was promoted from a first class private to a corporal and his pay was increased from $36.00 a month to $54.00 a month. His wife and baby were left in the home of his mother and there is much conflict in the testimony about her reasons for leaving this home and whether or not she was justified in doing so. She states that she voluntarily left, but it was after the mother-in-law told her that she was going to have her son move her out of the house, and made the charge that her child was not her grand-child.

The wife filed a complaint with the justice of the peace, who had a hearing and entered some kind of an order by which he purported to require the appellant to pay twenty dollars a month out of his salary for the support of his wife and child. There is no controversy about his being able to pay this amount and there is no dispute of the fact that he failed to do so. Independent of the validity of any order which the justice of the peace made or could have made in the light of the record, twenty dollars a month was a reasonable amount and easily within his ability, even while he was a private and receiving only thirty-six dollars per month where he was also furnished his clothing and food.

Taking the stand in his own behalf appellant testified on cross-examination as follows:

"I make fifty-four ($54.00) dollars a month now. On the 31st of January I was drawing thirty-six ($36.00) dollars. I heard the court down below tell me to pay twenty dollars to the benefit of my wife and child, and the reason I did not pay anything for the benefit of my wife and child on the 31st day of January is that I sure hate to start supporting somebody's

else's kid. It was my wife. I will not support her today and I will not support the child, though it bears my name."

The evidence in the case was insufficient upon which the jury would have been authorized to have relieved appellant from the responsibility of the support of the child. He married her before its birth, took her to his mother's home with a full knowledge of all the facts. He took part in having it given his name, all of which was commendatory. He cannot now say otherwise. There was also evidence sustaining the mother's contention of the paternity of the child. The appellant's quoted testimony in view of the record of the same amply supports the fine assessed and we find no error in the trial of the cause requiring its reversal. The judgment of the trial court is affirmed.